UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **William M. Chick, Jr. #259645**, | ) C/A No. 0:05-1786-HFF-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Newberry County Detention Center; | ) (partial summary dismissal) |
| Captain NFN Gundler; and | ) |
| Lt. NFN Bowers, | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil rights action filed by a state prison inmate pro se. Plaintiff is currently incarcerated at Evans Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system.

In the Complaint filed in this case, Plaintiff contends that his numerous requests for medical care for a back injury and hand injury were ignored by personnel at the Newberry County Detention Center. Although Plaintiff claims that he "informed several officers" that he needed to see a doctor for his back, he does not name any of those officers. Complaint, at 3. With respect to his hand injury, Plaintiff claims that Lt. Bowers was told that he needed to follow up with Plaintiff's treatment; however, Plaintiff fails to name any other individual who might or might not have refused to provide medical care.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison



Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is still subject to partial summary dismissal as to two of the Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

## **DISCUSSION**

Defendants Newberry County Detention Center and Captain Gundler should be summarily dismissed as party Defendants because no viable claim for damages has been stated as to these two Defendants. In order to state a claim for damages under 42 U.S.C.



2

§ 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).

First, it is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a section 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and cannot be sued under § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Because the Newberry County Detention Center is a building or a group of buildings, it is not a person and does not act under color of state law. According, the Newberry County Detention Center is not a proper Defendant under Plaintiff's Complaint and should be summarily dismissed as a party Defendant in this case.

---

[1] Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).



As for the Defendant Capt. Gundler, this Defendant is subject to summary dismissal because, following a careful review of the Complaint, there are absolutely no allegations contained in the Complaint against this Defendant. In order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See* Kentucky v. Graham, 473 U.S. 159 (1985); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right. *See* Graham, 473 U.S. at 166. In the absence of any allegations that Capt. Gundler was informed of Plaintiff's alleged need for medical care and, with such notice, still refused to provide such care, Plaintiff's Complaint is inadequate to state any claim for damages based on medical indifference against this Defendant.

While Gundler could possibly be subject to liability if Plaintiff had alleged that the denial of medical care was the result of an official policy or custom for which Capt. Gundler was responsible, Plaintiff has made no such allegations, and Gundler cannot otherwise be held responsible for the actions of other unnamed employees or officials of the Newberry County Detention Center. *See* Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); Slakan v. Porter, 737 F.2d 368, 375-76 (4th Cir. 1984); Fisher v. Washington Metro Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). The doctrine of vicarious liability and the doctrine of "*respondeat superior*" are not applicable in § 1983 actions. *See* Vinnedge v. Gibbs, 550 F.2d 926, 927-29 & nn. 1-2 (4th Cir. 1977); *see also* Wilson v. Cooper, 922



F. Supp. 1286, 1293 (N.D. Ill. 1996); Campo v. Keane, 913 F. Supp. 814, 825 & n. 11 (S.D. N.Y. 1996).

Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss a party Defendant against whom an action has been filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any personal wrongdoing on the part of Capt. Gundler or of any policy for which he was responsible that resulted in Plaintiff's claims, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to this Defendant. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

### Recommendation

Accordingly, it is recommended that the Court dismiss the Defendants Newberry County Detention Center and Capt. Gundler as party Defendants in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).



5

The Complaint should be served on the remaining Defendant.

 Plaintiff's attention is directed to the important notice on the next page.

                Respectfully submitted,

                Bristow Marchant
                United States Magistrate Judge

June 30 , 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
