IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM M. CHICK, JR., )<br>#259645, )<br> )<br>            Plaintiff, )<br>v. )<br> )<br>LT. NFN BOWERS, )<br> )<br>            Defendant. **)**<br>_____ **)** | Civil Action No. 0:05-1786-HFF-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendant[1] while he was an inmate detained by Newberry County, South Carolina.

The Defendant filed a motion for summary judgment on August 26, 2005. However, in an order entered September 8, 2005, the Court noted that Defendant had filed his motion for summary judgment less than a month after filing an answer in this case, and that Plaintiff had not enjoyed any discovery period in which to seek or obtain evidence to support his claims. The Clerk was therefore directed to remove the summary judgment motion from the pending docket at that time, and Plaintiff was granted an additional sixty (60) days to complete his discovery in the case. Following the expiration of that discovery period, the Clerk was directed to restore Defendant's

---

[1] Plaintiff originally included the Newberry County Detention Center itself as a party Defendant in this case, as well as an additional individual named Gundler. Those Defendants were dismissed as party Defendants by order filed August 12, 2005.

1



motion for summary judgment to the docket, and Defendant was provided fifteen (15) days to file any supplemental memorandum and/or exhibits he might deem necessary as a result of any new discovery in the case. No supplemental memorandum was filed, however, and on December 1, 2005 a <u>Roseboro</u> order was entered by the Court advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that, if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.

Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion, with attached exhibits, on December 23, 2005.[2] Defendant's motion for summary judgment is now before the Court for disposition.[3]

## **Background and Evidence**

Plaintiff alleges in his verified Complaint[4] that on December 15, 2003 he was detained at the Lexington County Detention Center when he slipped and fell, injuring his back and neck. Plaintiff alleges that he was taken to see a nurse, but that his request to also be seen by a doctor was denied. He was given Motrin for pain. Plaintiff alleges that the following day he filed

---

[2] Plaintiff had also previously filed an "objection" to the motion for summary judgment on September 9, 2005. The arguments set forth in that document have been considered by the Court in addition to the arguments set forth in Plaintiff's filing of December 23, 2005.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4] In this Circuit, verified complaints by <u>pro</u> <u>se</u> prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



"a grievance to Newberry County requesting to see a doctor."[5]  Plaintiff alleges he received no answer to this grievance, and that four months passed and he was never seen by a doctor.  Plaintiff alleges that he was finally seen by "Dr. Davis from Newberry", who indicated that his back had an injury.  Plaintiff alleges he was supposed to revisit Dr. Davis, but that he was never seen again by Dr. Davis.  Plaintiff alleges that he filed "grievances after grievances asking to see a back specialist but nothing took place [or] was ever done."  Plaintiff alleges that he is "now experiencing difficulty standing and eating meals."

Plaintiff further alleges that on June 29 (presumably in 2004 - a year is not given) he was housed in "Lexington for Newberry" and tripped and fell, breaking his hand.  Plaintiff alleges he was transported to the hospital where doctors stated he needed to undergo an operation.  Plaintiff alleges that the next day he was transported back to Newberry, and that the nurse at Lexington told the Defendant Bowers that there were x-rays from the hospital concerning his hand injury and to seek further treatment from an orthopaedic specialist.  Plaintiff alleges, however, that the Newberry County Detention Center waited over a month to transport him to a doctor.  Plaintiff alleges that this doctor stated he needed an operation, and that he subsequently visited the doctor "about three more times concerning the same issues."  Plaintiff alleges there was no medical attention administered after these visits, and that his "hand at the present time is still broken and healing improperly due to denial of medical treatment."  Plaintiff seeks monetary damages.  See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant has submitted an affidavit

---

[5]Plaintiff was apparently temporarily housed in the Lexington County Detention Center for, or at the request of, Newberry County.



from Daniel Kingston, Director of the Administration and Finance Division for the Newberry County Sheriff.  Kingston attests that one of his responsibilities is to keep an accounting of those expenditures associated with the Newberry County Detention Center, and as such is responsible for the maintenance of the administrative and financial records that contain all of the expenses related to the medical treatment of detainees housed at the Newberry County Detention Center.  Kingston attests that the has attached Plaintiff's complete medical billing file from when he was housed at both the Newberry County Detention Center and the Lexington County Detention Center, which he has attached to his affidavit as Exhibit A.  <u>See</u> <u>generally</u>, <u>Kingston Affidavit with attached Exhibit</u>.

Defendant has also submitted an affidavit from Sharon McClanahan, who attests that she maintains and/or monitors records and other relevant information for each detainee at the Newberry Detention Center.  McClanahan attests that she has located and attached Plaintiff's complete detainee file, which is attached to her affidavit as Exhibit A.  <u>See</u> <u>generally</u>, <u>McClanahan Affidavit with attached Exhibit</u>.

As attachments to his memorandum in opposition to summary judgment, Plaintiff has submitted a letter from the radiology department of the Lexington County Medical Center dated June 29, 2004 (Plaintiff's Exhibit A); and a printout from the Lexington Medical Center (undated), as well as other medical forms (Plaintiff's Exhibit B).

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that



judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and evidence submitted, the undersigned finds and concludes that the Plaintiff has failed to set forth a genuine issue of fact with respect to his § 1983 claim sufficient to survive summary judgment, and that this case should therefore be dismissed.

As a pretrial detainee during the time period set forth in the Complaint, Plaintiff's medical claim is evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n.16 (1979). [6] However, the mere fact that a detainee may disagree with actions taken by correctional officers, or with the amount or quality of medical care he receives, does not constitute punishment for purposes of a § 1983 claim, nor does he the evidence

---

[6]The Eighth Amendment is used to evaluate conditions of confinement only for those convicted of crimes. Bell, 441 U.S. at 535, n.16; Ingraham v. Wright, 430 U.S. 651, 671-672, n.40 (1977); Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993); Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987). Nevertheless, even though the cases cited herein primarily refer to the Eighth Amendment, the standards are the same, as "[t]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious...needs of the detainee." Belcher v. Oliver, 898 F.2d 32, 34 (1990).



before the Court show that Plaintiff was subjected to "punishment" such as to give rise to a constitutional claim under § 1983.

## I.

First, it is established law that the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Therefore, unless Plaintiff has alleged specific wrongdoing on the part of the Defendant Bowers, he may not be held liable for the acts of others absent an official policy or custom for which he was responsible and which resulted in illegal action. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992); See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)).

The only allegations Plaintiff makes concerning the Defendant Bowers are that when he was transported back to the Newberry County Detention Center after he had been seen at the hospital when he broke his hand, the nurse told Bowers that there were x-rays from the hospital concerning his hand injury and that further treatment should be sought from an orthopaedic specialist. Plaintiff then goes on to allege that the Newberry County Detention Center waited over a month to transport him to a doctor (presumably an orthopaedist specialist). However, Bowers is not alleged to be a doctor or even a member of the medical department or office at the Newberry

6



County Detention Center, and as the Defendant correctly points out in his motion for summary judgment, Plaintiff has presented no evidence to tie him to any inadequate medical treatment received by the Plaintiff, or to show that any delay in necessary medical care was the fault of Bowers or in any event constituted deliberate indifference to a serious medical condition. See, discussion, infra.⁷ Hence, Plaintiff having presented no evidence of any wrongdoing by this Defendant, or even any specific allegations (even unsubstantiated) of wrongdoing by this Defendant, and having further made no claims of any official policy or custom of the Defendant Bowers which resulted in an allegedly unconstitutional action by any other individual, the Defendant Bowers is entitled to dismissal of this case. Gomez v. Toledo, 446 U.S. 635, 640 (1980) [In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must show that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law].

**II.**

Further, even if specific allegations had been made against the Defendant Bowers, this Defendant would still be entitled to dismissal of this action under the facts and evidence presented. In order to establish a claim under 42 U.S.C. § 1983 for a denial of medical care, Plaintiff must present evidence sufficient to create a material issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S.

---

⁷One of Plaintiff's exhibits is an Inmate Grievance Form dated August 24, 2004, wherein Plaintiff complains that his medication is not helping him and asks to be seen by another doctor. This form bears a response, apparently signed by Bowers on September 1 or 7, 2004, stating that Dr. Davis would be in the following week and that Plaintiff could discuss his complaints with Dr. Davis. To the extent Plaintiff is relying on this document as evidence that Bowers was deliberately indifferent to a serious medical condition, the undersigned does not find that this document is sufficient to create a genuine issue of fact on this claim. *Cf.* Casey v. Lewis, 834 F.Supp. 1569, 1583 (D.Ariz. Apr. 5, 1993) ["[A] mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference."].

7



97, 106 (1976); <u>Farmer v. Brennen</u>, 511 U.S. 825, 837 (1994); <u>Sosebee v. Murphy</u>, 797 F.2d 179 (4th Cir. 1986); <u>Wester v. Jones</u>, 554 F.2d 1285 (4th Cir. 1977); <u>Russell v. Sheffer</u>, 528 F.2d 318 (4th Cir. 1975); <u>Belcher</u>, 898 F.2d 32. Plaintiff has failed to present any such evidence. While Plaintiff complains in his Complaint about the treatment he received for his hand injury (the only portion of Plaintiff's allegations which reference the Defendant Bowers), Plaintiff himself concedes in his Complaint that he did receive treatment for this injury. Specifically, after he tripped and fell, Plaintiff acknowledges that he was transported to the hospital. While he complains that he was also advised to seek further treatment from an orthopaedic specialist, which treatment he contends was delayed, Plaintiff has presented an exhibit which shows he was referred to Dr. Davis after complaining about his medications, and Plaintiff again concedes in his Complaint that he was eventually transported to a doctor (presumably an orthopaedic specialist) and that he thereafter visited the doctor about three more times concerning this same injury. The medical records provided by the Defendant also confirm that Plaintiff received medical treatment regarding his claims, and indeed that he received medical care and treatment on numerous occasions during the period of time he was confined at the Lexington and Newberry County Detention Centers. See <u>Kingston Affidavit, with attached Exhibit</u>. The medical forms submitted as exhibits by the Plaintiff also document his medical treatment.

As previously noted, in order for the Plaintiff to avoid summary judgment, the evidence before the Court must be sufficient to create a material issue of fact as to whether any named Defendant was deliberately indifferent to Plaintiff's serious medical needs. <u>Estelle</u>, 429 U.S. at 106. For purposes of a constitutional claim, whether or not Plaintiff was provided with the care he desired is immaterial. <u>Jackson v. Fair</u>, 846 F.2d 811, 817 (1st Cir. 1988) [the Constitution



"does not guarantee to a prisoner the treatment of his choice."]; see also Brown v. Thompson, 868 F.Supp. 326, 329-330, n. 2 (S.D.Ga. 1994); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) [A physician's actions only rise to the level of deliberate indifference when the treatment provided is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."]; Casey, 834 F.Supp. at 1583.    Hence, while Plaintiff may have been dissatisfied with the medical care he received, because the records and evidence before this Court, including Plaintiff's own statements in his verified Complaint, show that he received medical treatment for his injuries, he has failed to show a deliberate indifference to his serious medical needs.

Finally, even if the Court were to find based on the evidence presented that Bowers acted inappropriately or without sufficient care in dealing with Plaintiff's complaints (a finding which the undersigned expressly does *not* make), such conduct would not be sufficient to maintain a claim under § 1983 for deliberate indifference to a serious medical need. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal]. Therefore, as there is no evidence before the Court to show that during the relevant time period the Defendant was deliberately indifferent to any serious medical condition from which the Plaintiff

9



was suffering, this case should be dismissed. Estelle, 429 U.S. at 105; Harris v. Thigpen, 941 F.2d 1495, 1505-1507 (11th Cir. 1991); see Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennen, 511 U.S. 825, 837 (1994).

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 17, 2006



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

11

